**EXHIBIT A**

JAMES E. TIERNEY
ATTORNEY GENERAL

RECEIVED FEB 2 2 1988

STATE OF MAINE
DEPARTMENT OF THE ATTORNEY GENERAL
STATE HOUSE STATION 6
AUGUSTA, MAINE 04333

February 16, 1988

William J. Vail, Chairman
Atlantic Sea Run Salmon Commission
State House Station #41
Augusta, Maine  04333

Dear Chairman Vail:

    I am writing in response to your inquiry of February 5, soliciting the advice of this office concerning whether there is any legal impediment to the taking of approximately twenty Atlantic salmon from the Penobscot River by the use of gill nets by members of the Penobscot Indian Nation. For the reasons which follow, it is the Opinion of this Department that, on the facts as we understand them, such action would not be prohibited.

    As you indicate in your letter, and as we have verified with representatives of the Penobscot Indian Nation, members of the Nation intend, during the Atlantic salmon run this coming summer, to place gill nets in the Penobscot River within the boundaries of the Penobscot Reservation. The purpose of these nets is to catch up to twenty Atlantic salmon for the consumption of members of the Nation. Since the use of gill nets is generally prohibited within the inland waters of the State, 12 M.R.S.A. § 7608, you ask whether this activity would be legal.

    In the opinion of this Department, it would be. Pursuant to Section 6207(4) of the Act to Implement the Maine Indian Claims Settlement, 30 M.R.S.A. § 6201, et seq., enacted by the Maine Legislature in 1980, members of the Passamaquoddy Tribe and the Penobscot Nation are authorized to take fish, within the boundaries of their respective Indian Reservations, and "[n]otwithstanding any rule or regulation promulgated by the

ATTACHMENT C.

- 2 -

Commission or any other law of the State," so long as the fish so taken are used for "their individual sustenance." On the facts as they are presented to us, the salmon to be taken this summer are few in number and will be consumed by members of the Penobscot Nation. They will not be in any way sold or processed for sale to others. That being the case, they activity in question would clearly fall within the purview of Section 6207(4) and would therefore not violate "any other law of the State," including the prohibition against taking fish with gill nets.

This is not to say, however, that the State is without recourse in the event that fishing activity by an Indian tribe or nation threatens the existence of the resource in question. Pursuant to Section 6207(6), you, in your capacity as Commissioner of Inland Fisheries and Wildlife, have the power to initiate proceedings leading to the adoption of remedial measures applicable to activity by an Indian tribe or nation which is "adversely affecting or is likely to adversely affect the stock of any fish or wildlife." While the taking of twenty fish this summer would not seem to pose such a threat, you should be aware of your powers in the event that such a threat should in the future arise.

I hope the foregoing answers your question. Please feel free to reinquire if further clarification is necessary.

Sincerely,

JAMES T. TIERNEY
Attorney General

CH/ec
cc: Priscella A. Attean,
    Penobscot Indian Representative