UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| PENOBSCOT NATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket # 1:12-cv-00254-GZS |
| | ) | |
| MAINE ATTORNEY GENERAL, et al., | ) | |
| | ) | |
| Defendants | ) | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO
INTERVENE**

Since they filed their March 19, 2013 Reply in Support of Motion to Intervene,
the NPDES Permittees have learned of developments further undercutting Plaintiff's
argument that the Permittees' interest in not being regulated by the Plaintiff is
"completely speculative if not nonexistent."  (Plaintiff's Opposition to Motion to
intervene ("P. Opp." at 1).)

As noted in Permittees' Reply in Support of Motion to Intervene, this action seeks
to determine whether Plaintiff's Reservation includes the main stem of the Penobscot
River.  Plaintiff appears to be arguing that the Permittees' interest in this question is
speculative or nonexistent, and that the resolution of this question will not affect the
Permittees, because it has already been established that Plaintiff cannot regulate the
Permittees.  (*See* P. Opp. at 5-6 (noting it "extraordinary" that Permittees suggest
otherwise).)

On May 2, 2013 Permittees obtained a copy of a request from Plaintiff to the
Environmental Protection Agency for Treatment as a State ("TAS") status pursuant to

Section 518 of the Clean Water Act, 33 U.S.C. § 1377(e), dated May 29, 2012. The

application states as follows:

> The Nation asserts authority over Penobscot Indian Territory as defined by 25
> U.S.C. § 1722(j). The Nation proposes to establish an NPDES permit program for
> discharges into the Penobscot River originating from point sources and storm
> water located within Penobscot Indian Territory as defined by 25 U.S.C.
> § 1722(j). The surface waters at issue are the waters of the Penobscot River from
> Indian Island and northward thereof. At present there is only one such discharge
> facility, operating under NPDES permit ME 010311, the Penobscot Nation
> Pollution Control Facility (PNPCF).

(TAS Application, at 3, attached hereto as Exhibit 1.)  The "Statement of Counsel for the

Penobscot Nation," attached to the TAS Application, signed a year ago by, *inter alia,*

Plaintiff's attorney in the present matter, states that the Penobscot Reservation "includes

the riparian rights to the beds and banks of the Penobscot River," including the "water

resources impacted by the discharge."  (TAS Application, Statement of Counsel at 4, 5.)

In other words, unbeknownst until now by Permittees and unreported by Plaintiff, at the

same time Plaintiff was characterizing the regulatory issue as settled by *Johnson*, it was

seeking to obtain the power to regulate Permittees under the Clean Water Act, in place of

the State of Maine, based on its claims to the bed and waters of the Penobscot River.

Although "at present" the PNPCF discharge is the only discharge covered by Plaintiff's

TAS application, Plaintiff's assertion of authority to issue NPDES permits for discharges

into the Penobscot River is inconsistent with the Plaintiff's statements in this litigation

about the impact of the *Johnson* case.

Thus, for this additional reason, if the Court determines that the Penobscot

Reservation includes all of the main stem, or the parts of the River into which the NPDES

Permittees discharge, then it is abundantly clear that Plaintiff would seek to regulate

those discharges.

As noted in Permittees' Reply in Support of Motion to Intervene, there is a direct relationship between the issue to be litigated in this appeal and an impact on the Permittees:  if this Court rules that Plaintiff's Reservation includes those parts of the Penobscot River that include Permittees' discharge pipes – as Plaintiff seeks to establish in this suit – then the result will be that Plaintiff will seek to regulate those discharges.

**CONCLUSION**

For the additional reasons given above, the Court should grant the NPDES Permittees leave to intervene, either as of right or permissive, pursuant to F.R. Civ. P. 24.

DATED:  May 8, 2013                    /s/ Matthew D. Manahan
                                       Matthew D. Manahan
                                       Catherine R. Connors
                                       PIERCE ATWOOD LLP
                                       Merrill's Wharf
                                       254 Commercial Street
                                       Portland, ME  04101
                                       207-791-1100
                                       *Attorneys for the NPDES Permittees*

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2013, I electronically filed the foregoing

document entitled Supplemental Memorandum in Support of Motion to Intervene with

the Clerk of Court using the CM/ECF system which will send the notification of such

filing to the following:

> **KAIGHN SMITH, JR.**
> Drummond Woodsum
> 84 Marginal Way
> Suite 600
> Portland, ME  04101-2480
> 207-772-1941
> Email: ksmith@dwmlaw.com
>
> **PAUL D. STERN**
> Office of the Maine Attorney General
> Six State House Station
> Augusta, ME  04333-0006
> 207-626-8568
> Email: paul.d.stern@maine.gov

DATED:   May 24, 2013                          */s/ Matthew D. Manahan*
                                               Matthew D. Manahan

                                               PIERCE ATWOOD LLP
                                               Merrill's Wharf
                                               254 Commercial Street
                                               Portland, ME 04101
                                               207-791-1100

                                               *Attorneys for the NPDES Permittees*