UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| PENOBSCOT NATION, | ) | |
| | ) | |
| Plaintiff, | ) | Docket # 1:12-cv-00254-GZS |
| | ) | |
| v. | ) | |
| | ) | |
| JANET T. MILLS, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ANSWER AND COUNTERCLAIM OF CITY OF BREWER, TOWN OF BUCKSPORT, COVANTA MAINE, LLC, TOWN OF EAST MILLINOCKET, GREAT NORTHERN PAPER COMPANY, LLC, GUILFORD-SANGERVILLE SANITARY DISTRICT, TOWN OF HOWLAND, KRUGER ENERGY (USA) INC., TOWN OF LINCOLN, LINCOLN PAPER AND TISSUE, LLC., LINCOLN SANITARY DISTRICT, TOWN OF MATTAWAMKEAG, TOWN OF MILLINOCKET, TOWN OF ORONO, RED SHIELD ACQUISITION LLC, TRUE TEXTILES, INC., VEAZIE SEWER DISTRICT, AND VERSO PAPER CORP.**

**ANSWER**

NOW COME the City of Brewer, the Town of Bucksport, Covanta Maine, LLC, the Town of East Millinocket, Great Northern Paper Company, LLC, Guilford-Sangerville Sanitary District, the Town of Howland, Kruger Energy (USA) Inc., the Town of Lincoln, Lincoln Paper and Tissue, LLC, Lincoln Sanitary District, the Town of Mattawamkeag, the Town of Millinocket, the Town of Orono, Red Shield Acquisition LLC, True Textiles, Inc., Veazie Sewer District, and Verso Paper Corp. (collectively, the "NPDES Permittees") and hereby answer the Plaintiff's Second Amended Complaint as follows:

1. Paragraph 1 of the Second Amended Complaint contains legal conclusions not requiring a responsive pleading. To the extent that Paragraph 1 of the Second Amended Complaint includes factual allegations, they are denied.

2. Paragraph 2 of the Second Amended Complaint contains legal conclusions not requiring a responsive pleading. To the extent that Paragraph 2 of the Second Amended Complaint includes factual allegations, they are denied.

3. Paragraph 3 of the Second Amended Complaint contains legal conclusions not requiring a responsive pleading. To the extent that Paragraph 3 of the Second Amended Complaint includes factual allegations, they are denied. In addition, the August 8, 2012, opinion speaks for itself.

4. Deny.

5. Deny.

6. Deny.

7. Paragraph 7 of the Second Amended Complaint contains legal conclusions not requiring a responsive pleading. To the extent that Paragraph 7 of the Second Amended Complaint includes factual allegations, they are denied.

**PARTIES**

8. Admit the first sentence. NPDES Permittees are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 8 of the Complaint, and therefore denies the same.

9. NPDES Permittees are without information or belief to admit or deny, and therefore deny.

10. Admit.

11. Admit.

12. Admit.

13. Paragraph 13 of the Second Amended Complaint contains legal conclusions not requiring a responsive pleading.

**JURISDICTION**

14. Paragraph 14 of the Second Amended Complaint contains legal conclusions not requiring a responsive pleading. To the extent that Paragraph 14 of the Second Amended Complaint includes factual allegations, they are denied.

**VENUE**

15. Admit.

**BACKGROUND**

16. Paragraph 16 of the Second Amended Complaint contains legal conclusions not requiring a responsive pleading. To the extent that Paragraph 16 of the Second Amended Complaint includes factual allegations, they are denied.

17. Paragraph 17 of the Second Amended Complaint contains legal conclusions not requiring a responsive pleading. To the extent that Paragraph 17 of the Second Amended Complaint includes factual allegations, they are denied.

18. Paragraph 18 of the Second Amended Complaint contains legal conclusions not requiring a responsive pleading. To the extent that Paragraph 18 of the Second Amended Complaint includes factual allegations, they are denied.

19. Paragraph 19 of the Second Amended Complaint contains legal conclusions not requiring a responsive pleading. To the extent that Paragraph 19 of the Second Amended Complaint includes factual allegations, they are denied.

20. Paragraph 20 of the Second Amended Complaint contains legal conclusions not requiring a responsive pleading. To the extent that Paragraph 20 of the Second Amended Complaint includes factual allegations, they are denied.

21. Paragraph 21 of the Second Amended Complaint contains legal conclusions not requiring a responsive pleading. To the extent that Paragraph 21 of the Second Amended Complaint includes factual allegations, they are denied.

22. Paragraph 22 of the Second Amended Complaint contains legal conclusions not requiring a responsive pleading. To the extent that Paragraph 22 of the Second Amended Complaint includes factual allegations, they are denied.

23. Paragraph 23 of the Second Amended Complaint contains legal conclusions not requiring a responsive pleading. To the extent that Paragraph 23 of the Second Amended Complaint includes factual allegations, they are denied.

24. Paragraph 24 of the Second Amended Complaint contains legal conclusions not requiring a responsive pleading. To the extent that Paragraph 24 of the Second Amended Complaint includes factual allegations, they are denied.

25. Paragraph 25 of the Second Amended Complaint contains legal conclusions not requiring a responsive pleading. To the extent that Paragraph 25 of the Second Amended Complaint includes factual allegations, they are denied.

26. Paragraph 26 of the Second Amended Complaint contains legal conclusions not requiring a responsive pleading. To the extent that Paragraph 26 of the Second Amended Complaint includes factual allegations, they are denied.

27. Paragraph 27 of the Second Amended Complaint contains legal conclusions not requiring a responsive pleading. To the extent that Paragraph 27 of the Second Amended Complaint includes factual allegations, they are denied.

28. Paragraph 28 of the Second Amended Complaint contains legal conclusions not requiring a responsive pleading. To the extent that Paragraph 28 of the Second Amended Complaint includes factual allegations, they are denied.

29. Deny.

30. NPDES Permittees are without information or belief to admit or deny, and therefore deny.

31. NPDES Permittees are without information or belief to admit or deny the second sentence, and therefore deny.

32. Paragraph 32 of the Second Amended Complaint contains legal conclusions not requiring a responsive pleading. To the extent that Paragraph 32 of the Second Amended Complaint includes factual allegations, they are denied.

33. Paragraph 33 of the Second Amended Complaint contains legal conclusions not requiring a responsive pleading. To the extent that Paragraph 33 of the Second Amended Complaint includes factual allegations, they are denied.

34. Paragraph 34 of the Second Amended Complaint contains legal conclusions not requiring a responsive pleading. To the extent that Paragraph 34 of the Second Amended Complaint includes factual allegations, they are denied.

35. Paragraph 35 of the Second Amended Complaint contains legal conclusions not requiring a responsive pleading. To the extent that Paragraph 35 of the Second Amended Complaint includes factual allegations, they are denied.

36. Paragraph 36 of the Second Amended Complaint contains legal conclusions not requiring a responsive pleading. To the extent that Paragraph 36 of the Second Amended Complaint includes factual allegations, they are denied.

37. Paragraph 37 of the Second Amended Complaint contains legal conclusions not requiring a responsive pleading. To the extent that Paragraph 37 of the Second Amended Complaint includes factual allegations, they are denied.

38. Paragraph 38 of the Second Amended Complaint contains legal conclusions not requiring a responsive pleading. To the extent that Paragraph 38 of the Second Amended Complaint includes factual allegations, they are denied.

39. Paragraph 39 of the Second Amended Complaint contains legal conclusions not requiring a responsive pleading. To the extent that Paragraph 39 of the Second Amended Complaint includes factual allegations, they are denied.

40. Admit that a letter was sent by Attorney General Tierney dated February 16, 1988. The opinion speaks for itself. Otherwise, NPDES Permittees deny.

41. Paragraph 41 of the Second Amended Complaint contains legal conclusions not requiring a responsive pleading. To the extent that Paragraph 41 of the Second Amended Complaint includes factual allegations, they are denied.

42. Paragraph 42 of the Second Amended Complaint contains legal conclusions not requiring a responsive pleading. To the extent that Paragraph 42 of the Second Amended Complaint includes factual allegations, they are denied.

43. Admit that the opinion issued. Otherwise, Paragraph 43 of the Second Amended Complaint contains legal conclusions not requiring a responsive pleading. To the extent that

Paragraph 43 of the Second Amended Complaint includes factual allegations, they are denied. In addition, the opinion speaks for itself.

44. Admit that the opinion issued. Otherwise, Paragraph 44 of the Second Amended Complaint contains legal conclusions not requiring a responsive pleading. To the extent that Paragraph 44 of the Second Amended Complaint includes factual allegations, they are denied. In addition, the opinion speaks for itself.

45. Admit that the opinion was sent to Chief Francis. Otherwise, Paragraph 45 of the Second Amended Complaint contains legal conclusions not requiring a responsive pleading. To the extent that Paragraph 45 of the Second Amended Complaint includes factual allegations, they are denied. In addition, the opinion and letter speak for themselves.

46. Admit that the letter was sent to Chief Francis. Otherwise, Paragraph 46 of the Second Amended Complaint contains legal conclusions not requiring a responsive pleading. To the extent that Paragraph 46 of the Second Amended Complaint includes factual allegations, they are denied. In addition, the letter speaks for itself.

47. Paragraph 47 of the Second Amended Complaint contains legal conclusions not requiring a responsive pleading. To the extent that Paragraph 47 of the Second Amended Complaint includes factual allegations, they are denied. In addition, the opinion speaks for itself.

48. Admit that Chief Francis responded to Attorney General Schneider. Otherwise, Paragraph 48 of the Second Amended Complaint contains legal conclusions not requiring a responsive pleading. To the extent that Paragraph 48 of the Second Amended Complaint includes factual allegations, they are denied. In addition, the letter speaks for itself.

49. Admit.

50. NPDES Permittees are without information or belief to admit or deny, and therefore deny.

51. NPDES Permittees are without information or belief to admit or deny, and therefore deny.

**REQUEST FOR RELIEF**

52. NPDES Permittees repeat and re-allege their responses to Paragraphs 1-51 of the Second Amended Complaint.

53. Paragraph 53(a)-(d) of the Second Amended Complaint contains legal conclusions not requiring a responsive pleading. To the extent that Paragraph 53(a)-(d) of the Second Amended Complaint includes factual allegations, they are denied.

54. Paragraph 54 of the Second Amended Complaint is a legal conclusion, to which a response is unnecessary. To the extent a response is required, it is denied.

55. Paragraph 55 contains legal conclusions not requiring a responsive pleading. To the extent that Paragraph 55 of the Second Amended Complaint includes factual allegations, they are denied.

56. Deny.

57. Deny.

58. Deny.

59. Deny.

60. Paragraph 60 contains legal conclusions not requiring a responsive pleading. To the extent that Paragraph 60 of the Second Amended Complaint includes factual allegations, they are denied.

Prayer for Relief. Pages 15-17 of the Second Amended Complaint contain claims and requests for relief, to which a response is unnecessary. To the extent a response is required, NPDES Permittees deny the claims and that Plaintiff is entitled to the relief requested.

WHEREFORE, NPDES Permittees deny that Plaintiff is entitled to the relief requested, and demand judgment in their favor against Plaintiff, together with interest, costs and fees, and judgment for such other relief as is appropriate.

**COUNTERCLAIM FOR DECLARATORY RELIEF**

1. The major parameters of the settlement are set forth in the State Settlement Act, 14 M.R.S. §§ 6201, *et seq.*, and the Federal Indian Claims Settlement Act of 1980, 25 U.S.C. §§ 1721 *et seq.*

2. Of particular import is that the federal law adopted and confirmed the State legislation's jurisdictional provisions:

> The Passamaquoddy Tribe, the Penobscot Nation, and their members, and the land and natural resources owned by, or held in trust for the benefit of the tribe, nation, or their members, shall be subject to the jurisdiction of the State of Maine to the extent and in the manner provided in the Maine Implementing Act and that Act is hereby approved, ratified, and confirmed.

25 U.S.C. § 1725(b)(1).

3. A key provision from the State legislation which was ratified by Congress is:

> Except as otherwise provided in this Act, all Indians, Indian nations, and tribes and bands of Indians in the State and any lands or other natural resources owned by them, held in trust for them by the United States or by any other person or entity shall be subject to the laws of the State and to the civil and criminal jurisdiction of the courts of the State to the same extent as any other person or lands or other natural resources therein.

30 M.R.S. § 6204.

4. “Notwithstanding any rule or regulation promulgated by the [Maine Indian Tribal-State Commission] or any other law of the State, the members of … the Penobscot Nation may take fish, within the boundaries of [its] respective Indian reservation[] for their individual sustenance ….” 30 M.R.S. § 6207(4).

5. The Penobscot Indian Reservation does not include the waters of the Penobscot River.

WHEREFORE, the NPDES Permittees respectfully ask this Court to enter judgment in their favor and against the Penobscot Nation and its members and

(1) declare that the waters of the main stem of the Penobscot River are not within the Penobscot Nation reservation; and

(2) award interest, costs and fees, and judgment for such other relief as is appropriate.

DATED: June 26, 2013

*<u>/s/ Catherine R. Connors</u>*
Matthew D. Manahan
Catherine R. Connors

PIERCE ATWOOD LLP
Merrill’s Wharf
254 Commercial Street
Portland, ME 04101
207-791-1100

*Attorneys for the NPDES Permittees*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2013, I electronically filed the foregoing document entitled Answer and Counterclaim with the Clerk of Court using the CM/ECF system which will send the notification of such filing to the following:

**KAIGHN SMITH , JR.**
Drummond Woodsum
84 Marginal Way
Suite 600
Portland, ME 04101-2480
207-772-1941
Email: ksmith@dwmlaw.com

**PAUL D. STERN**
Office of the Maine Attorney General
Six State House Station
Augusta, ME 04333-0006
207-626-8568
Email: paul.d.stern@maine.gov

DATED: June 26, 2013

*/s/ Catherine R. Connors*
Catherine R. Connors

PIERCE ATWOOD LLP
Merrill's Wharf
254 Commercial Street
Portland, ME 04101
207-791-1100

*Attorneys for the NPDES Permittees*