MEMORANDUM OF AGREEMENT
BETWEEN THE
DEPARTMENT OF THE INTERIOR
AND THE
PENOBSCOT INDIAN NATION

This Memorandum of Agreement (MOA) provides a guide for the implementation of the government-to-government relationship between the United States, acting through the Bureau of Indian Affairs (Bureau), on behalf of the Department of the Interior and its agencies and bureaus (Department), and the Penobscot Indian Nation (PIN) (collectively, the parties), through their undersigned representatives, in the fulfillment by the United States of its trust and statutory responsibilities on behalf of the Penobscot Indian Nation.

The United States Government has a unique legal relationship with Native American tribal governments as set forth in the Constitution of the United States, treaties, statutes, executive orders and other documents, and court decisions. The elements of this unique relationship include: (a) recognition of the rights of tribes as sovereign entities; (b) recognition of the right of tribes to delegate representation; (c) consultation with tribal governments prior to taking actions that affect tribal governments, tribal rights, or tribal resources; and (d) participation by tribes in planning and managing their resource base. Recent expressions of the relationship between the United States Government and Native American tribal governments are found in President Clinton's memorandum of April 29, 1994, and in

1

the Department of the Interior Manual, Part 512, Chapter 2 (Departmental Responsibilities for Indian Trust Resources) section 2.4B. These documents are attached as Exhibits A and B, respectively, and herewith incorporated by reference.

The Department and the PIN are currently engaged in several activities which involve this relationship and require the Department's exercise of the trust and statutory responsibilities on behalf of the PIN. In the exercise of these responsibilities, the Department must consult with the PIN in order for the Department to take action fully cognizant of the nature and extent of its trust and statutory responsibilities. The trust relationship, and the consultations with PIN which occur in furtherance of it, are intended to assist the Department in fulfilling its trust and statutory responsibilities to protect the lands and resources of the PIN, to include trust and restricted fee lands. The Department is currently involved in internal deliberations, as well as pending and contemplated administrative proceedings and court litigation concerning those rights and resources, including hydroelectric licensing proceedings before the Federal Energy Regulatory Commission and federal court, regulatory issues pending before other government agencies, court actions in federal or state court, consideration of bringing a natural resources damages action under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. § 9601 et seq.), and other Departmental matters relating to the exercise of the Department's trust and

2

statutory duties.

The general trust responsibility of the Federal Government to Indian Tribes requires that the Department protect tribal rights and resources, including all tribal lands. In addition, the Federal Power Act specifically authorizes the Secretary of the Interior to prescribe conditions to provide for the adequate protection and utilization of reservation lands occupied by hydropower projects licensed by the Federal Energy Regulatory Commission. 16 U.S.C. § 797(e). License proceedings currently pending before the Commission, which involve the Department's exercise of these trust and statutory authorities on behalf of the PIN, include the Milford Hydroelectric Project (FERC NO. 2534), which occupies reservation lands, as well as other licensing proceedings on the Upper and Lower Penobscot River. In fulfilling its duties as required under the Federal Water Pollution Control Act (33 U.S.C. § 1251 et seq.), the CERCLA, and other federal statutes, the Department must consult with, and consider the views of, the PIN in determining its course of action.

It is understood and agreed by the Department and the PIN that the parties have a common interest in protecting reservation lands and associated resources. Documents and information generated by the parties may be shared between the parties based upon this common interest and in furtherance of the Department's trust and statutory responsibilities. In this exchange, the PIN shall be considered akin to a "consultant" to the Department,

3

providing its views, advice, comments, recommendations and other assistance to the Department as necessary to assist in the performance of the Department's duties, under the Federal Power Act, the Clean Water Act, CERCLA, and other applicable statutes, executive orders, and regulations. The communications exchanged between the Department and any of its bureaus and agencies and the PIN, and between their technical representatives (including any attorneys and consultants to the Department and the PIN) and submitted to the Department, in furtherance of the Department's trust and statutory responsibilities to protect reservation lands and resources, shall, to the extent permissible by law, be deemed confidential communications intended for the use of and to assist the Department in the performance of its official functions and responsibilities, including its internal deliberative and decision-making processes. Such communications which are based on this trust relationship and the consultations arising from that relationship, including documents which predate this agreement, shall to the maximum extent permitted by law be considered intra-agency communications and, if otherwise meeting the requirements of exemption (5) or other exemptions of the Freedom of Information Act, may be protected from disclosure.

Provided, however, that the parties understand and agree that such technical information provided to the Department may be utilized by the Department, in its sole discretion, in furtherance of its statutory and trust responsibilities; and further, that the PIN may similarly use information it has

4

generated at its discretion.

This agreement is to provide for the effective implementation of the government-to-government relationship between the parties, and is in furtherance of the responsibility of the United States to protect Tribal trust resources. It does not by itself create, change, or alter any rights of any of the parties to the Agreement, nor by itself does it create an independent right subject to judicial review. Nothing in this Agreement is intended to or shall have the effect of constraining or limiting the United States in carrying out its obligations under law, including its trust obligations. All communications under this Agreement are in furtherance of federal responsibilities.

This Agreement may be modified or amended upon the mutual consent of the parties.

This Agreement may be executed in counterparts.

Penobscot Indian Nation    TRIBE

BY: _Francis Mitchell_____    8-13-97
                                      Date

BUREAU OF INDIAN AFFAIRS

BY: _____    8-8-97
                                      Date

h:\ia\mail\pimmoa

PN-003847

Federal Register
Vol. 59, No. 85
Wednesday, May 4, 1994

Presidential Documents

Title 3—

The President

Memorandum of April 29, 1994

Government-to-Government Relations With Native American Tribal Governments

Memorandum for the Heads of Executive Departments and Agencies

The United States Government has a unique legal relationship with Native American tribal governments as set forth in the Constitution of the United States, treaties, statutes, and court decisions. As executive departments and agencies undertake activities affecting Native American tribal rights or trust resources, such activities should be implemented in a knowledgeable, sensitive manner respectful of tribal sovereignty. Today, as part of an historic meeting, I am outlining principles that executive departments and agencies, including every component bureau and office, are to follow in their interactions with Native American tribal governments. The purpose of these principles is to clarify our responsibility to ensure that the Federal Government operates within a government-to-government relationship with federally recognized Native American tribes. I am strongly committed to building a more effective day-to-day working relationship reflecting respect for the rights of self-government due the sovereign tribal governments.

In order to ensure that the rights of sovereign tribal governments are fully respected, executive branch activities shall be guided by the following:

(a) The head of each executive department and agency shall be responsible for ensuring that the department or agency operates within a government-to-government relationship with federally recognized tribal governments.

(b) Each executive department and agency shall consult, to the greatest extent practicable and to the extent permitted by law, with tribal governments prior to taking actions that affect federally recognized tribal governments. All such consultations are to be open and candid so that all interested parties may evaluate for themselves the potential impact of relevant proposals.

(c) Each executive department and agency shall assess the impact of Federal Government plans, projects, programs, and activities on tribal trust resources and assure that tribal government rights and concerns are considered during the development of such plans, projects, programs, and activities.

(d) Each executive department and agency shall take appropriate steps to remove any procedural impediments to working directly and effectively with tribal governments on activities that affect the trust property and/or governmental rights of the tribes.

(e) Each executive department and agency shall work cooperatively with other Federal departments and agencies to enlist their interest and support in cooperative efforts, where appropriate, to accomplish the goals of this memorandum.

(f) Each executive department and agency shall apply the requirements of Executive Orders Nos. 12875 ("Enhancing the Intergovernmental Partnership") and 12866 ("Regulatory Planning and Review") to design solutions and tailor Federal programs, in appropriate circumstances, to address specific or unique needs of tribal communities.

EXHIBIT A

The head of each executive department and agency shall ensure that th department or agency's bureaus and components are fully aware of th memorandum, through publication or other means, and that they are compliance with its requirements.

This memorandum is intended only to improve the internal management of the executive branch and is not intended to, and does not, create ar right to administrative or judicial review, or any other right or benef or trust responsibility, substantive or procedural, enforceable by a par against the United States, its agencies or instrumentalities, its officers c employees, or any other person.

The Director of the Office of Management and Budget is authorized an directed to publish this memorandum in the Federal Register.

*William J Clinton*

THE WHITE HOUSE,
*Washington, April 29, 1994.*

[FR Doc. 94-10877
Filed 5-3-94; 2:48 pm]
Billing code 3110-01-M

Editorial note: For the President's remarks to American Indian and Native Alaska tribal leaders see the *Weekly Compilation of Presidential Documents* (vol. 30, issue 18)

# DEPARTMENT OF THE INTERIOR
# DEPARTMENTAL MANUAL

| Intergovernmental Relations | Part 512 American Indian and Alaska Native Programs |
|---|---|
| Chapter 2  Departmental Responsibilities for Indian Trust Resources | 512 DM 2.1 |

**2.1 Purpose.** This Chapter establishes the policies, responsibilities, and procedures for operating on a government-to-government basis with federally recognized Indian tribes for the identification, conservation, and protection of American Indian and Alaska Native trust resources to ensure the fulfillment of the Federal Indian Trust Responsibility.

**2.2 Policy.** It is the policy of the Department of the Interior to recognize and fulfill its legal obligations to identify, protect, and conserve the trust resources of federally recognized Indian tribes and tribal members, and to consult with tribes on a government-to-government basis whenever plans or actions affect tribal trust resources, trust assets, or tribal health and safety.

**2.3 Responsibilities.**

A. **Heads of bureaus and offices** are responsible for identifying any impact of Departmental plans, projects, programs or activities on Indian trust resources. Department officials shall:

(1) Establish procedures to ensure that the activities of Departmental organizations impacting upon Indian trust resources are explicitly addressed in planning, decision, and operational documents;

(2) Ensure that bureaus and offices consult with the recognized tribal government whose trust resource, asset, or health and safety is potentially affected by the proposed action, plan, or activity;

(3) Remove procedural impediments to working directly and effectively with tribal governments;

(4) Provide drafts of all procedures or amendments to procedures developed pursuant to this Chapter to the Office of American Indian Trust for review and comment; and,

(5) Designate a senior staff member to serve as liaison between the bureau or office and the Office of American Indian Trust.

B. **Office of American Indian Trust** is responsible for ensuring compliance with the procedures and requirements under this Chapter. The Office of American Indian Trust will serve as the Department's liaison and initial point of contact on all matters arising under this Chapter. All procedures and

12/01/95 #3049

EXHIBIT B

# DEPARTMENT OF THE INTERIOR
# DEPARTMENTAL MANUAL

| Intergovernmental Relations | Part 512 American Indian and Alaska Native Programs |
|---|---|
| Departmental Responsibilities Chapter 2 for Indian Trust Resources | 512 DM 2.3B |

amendments to procedures shall be submitted by Departmental bureaus and offices to the Office of American Indian Trust for review and comment. After such review and comment, the procedures and amendments to procedures will be transmitted to the Assistant Secretary - Indian Affairs for final approval.

C. **Assistant Secretary - Indian Affairs** is responsible for approving bureau and office procedures, or amendments thereto, developed pursuant to this Chapter.

2.4 **Procedures**.

A. **Reports**. As part of the planning process, each bureau and office must identify any potential effects on Indian trust resources. Any effect must be explicitly addressed in the planning/decision documents, including, but not limited to, Environmental Assessments, Environmental Impact Statements, and/or Management Plans prepared for the project or activity. The documentation shall:

(1) Clearly state the rationale for the recommended decision; and

(2) Explain how the decision will be consistent with the Department's trust responsibility.

B. **Consultation**. In the event an evaluation reveals any impacts on Indian trust resources, trust assets, or tribal health and safety, bureaus and offices must consult with the affected recognized tribal government(s), the appropriate office(s) of the Bureau of Indian Affairs, the Office of the Solicitor, and the Office of American Indian Trust. Each bureau and office within the Department shall be open and candid with tribal government(s) during consultations so that the affected tribe(s) may fully evaluate the potential impact of the proposal on trust resources and the affected bureau(s) or office(s), as trustee, may fully incorporate tribal views in its decision-making processes. These consultations, whether initiated by the tribe or the Department, shall be respectful of tribal sovereignty. Information received shall be deemed confidential, unless otherwise provided by applicable law, regulations, or Administration policy, if disclosure would negatively impact upon a trust resource or compromise the trustee's legal position in anticipation of or during administrative proceedings or litigation on behalf of tribal government(s).

12/01/95 #3049
Replaces 5/23/95 #3040

PN-003851