```
[Federal Register Volume 77, Number 76 (Thursday, April 19, 2012)]
[Notices]
[Pages 23481-23482]
From the Federal Register Online via the Government Printing Office [http://www.gpo.gov/]
[FR Doc No: 2012-9450]
```

-----------------------------------------------------------------------

ENVIRONMENTAL PROTECTION AGENCY

[EPA-R01-OEP-12-006; FRL-9662-6]


State Program Requirements; Approval of Maine's Base National
Pollutant Discharge Elimination System (NPDES) Permitting Program

AGENCY: Environmental Protection Agency (EPA).

ACTION: Notice.

-----------------------------------------------------------------------

SUMMARY: Since January 2001, the State of Maine has been authorized to
administer the National Pollutant Discharge Elimination System (NPDES)
program in the Indian territories of the Penobscot Nation and the
Passamaquoddy Tribe, with the exception of authorization to issue
permits to two tribally owned and operated wastewater treatment works.
On August 8, 2007, the U.S. Court of Appeals for the First Circuit
vacated EPA's October 31, 2003 decision to withhold authority to
administer the program under the Clean Water Act with respect to the
two tribally owned and operated treatment works. EPA is responding to
the court's order by approving Maine's NPDES program to include the
permitting of all discharges within the Indian territories of the
Penobscot Nation and the Passamaquoddy Tribe.

DATES: March 26, 2012.

FOR FURTHER INFORMATION CONTACT: Questions or requests for additional
information may be submitted to:
    Mail: Glenda V[eacute]lez, USEPA-Region 1, 5 Post Office
Square--OEP06-01, Boston, MA 02109-3912.
    Telephone: (617) 918-1677.
    Email: velez.glenda@epa.gov.
    No facsimiles (faxes) will be accepted.

Copies of documents Maine has submitted in support of its program
approval may be reviewed during regular business hours, Monday through
Friday, excluding holidays at the address above.

SUPPLEMENTARY INFORMATION:

2001 Approval of the Program Outside Indian Territories

    On December 17, 1999, EPA determined that the State of Maine had
submitted a complete application to administer the NPDES permitting
program in the state under the Clean Water Act (CWA). 33 U.S.C. 1251,
et seq., see 64 FR 73552 (Dec. 30, 1999). Maine's application included
an assertion of authority to implement the program in the territories
of the federally-recognized Indian tribes within the state, based on
the jurisdictional provisions of the Maine Indian Claims Settlement Act
(MICSA), which ratified the Maine Implementing Act (MIA). 25 U.S.C.
1721, et seq. and 30 M.R.S.A. section 6201, et seq., respectively.
    On January 12, 2001, EPA approved the State of Maine's application

to administer the NPDES program for all areas of the state other than Indian country. At that point EPA did not take any action on Maine's application to administer the program within the territories of the federally-recognized Indian tribes in Maine. EPA published notice of its action on February 28, 2001. 66 FR 12791. As described in the Federal Register, EPA approved the state's application to administer both the NPDES permit program covering point source dischargers and the pretreatment program covering industrial discharges into publicly

[[Page 23482]]

owned treatment works (POTWs). EPA did not authorize the state to regulate cooling water intake structures under CWA section 316(b) (33 U.S.C. 1326(b)). 66 FR 12792.

2003 Partial Approval of the Program in Indian Territories

   On October 31, 2003, EPA approved the State of Maine's application to administer the NPDES program in the Indian territories of the Penobscot Indian Nation and the Passamaquoddy Tribe, with the exception of any discharges that qualified as ``internal tribal matters'' under MICSA and MIA. 68 FR 65052 (Nov. 18, 2003). This action generally authorized the state to administer the NPDES program in the territories of the two largest Indian tribes in the state, finding that the combination of MICSA and MIA created a unique jurisdictional arrangement that granted the state authority to issue permits to dischargers. EPA did not approve the state's program to regulate two small tribally-owned and operated POTWs. EPA determined that these POTWs qualified as internal tribal matters and, therefore, fell within an enumerated exception to the grant of jurisdiction to the state in MICSA and MIA. EPA did not take action on the state's application as it applied to the territories of the two smaller federally-recognized tribes in the state, the Houlton Band of Maliseet Indians and the Aroostook Band of Micmac Indians. These two tribes are subject to jurisdictional provisions separate from those that apply to the Penobscot and Passamaquoddy tribes. EPA's 2003 action addressed all the Indian territories that included existing point source dischargers covered by the NPDES program.

Appeal and Decision in Maine v. Johnson

   Several parties petitioned for judicial review of EPA's 2003 decision partially approving Maine's NPDES program in the Penobscot and Passamaquoddy Indian territories. The Penobscot Nation and Passamaquoddy Tribe challenged EPA's decision to generally approve the state to administer the program in their territories. The State of Maine and a coalition of public and private NPDES permit holders challenged EPA's decision to disapprove the state's program as to the two small tribal POTWs based on the finding that permitting those discharges qualified as an internal tribal matter.
   On August 8, 2007, the U.S. Court of Appeals for the First Circuit issued its opinion in Maine v. Johnson. 498 F.3d 37. The court held that EPA had correctly determined that MICSA and MIA granted the state sufficient authority to administer the NPDES permit program in the territories of these two tribes. The court disagreed with EPA's finding, however, that permitting the two small tribal POTWs qualified as an internal tribal matter. It found that ``[d]ischarging pollutants into navigable waters is not of the same character as tribal elections, tribal membership or other exemplars [of internal tribal matters] that relate to the structure of Indian government or the distribution of tribal property.'' Id. at 46. The court affirmed EPA's approval of Maine's NPDES program, but vacated EPA's decision to withhold program approval with respect to issuing NDPES permits to the two tribal POTWs and remanded the matter back to EPA to amend the program approval

consistent with its opinion. Id. at 48-49. The court's mandate was issued on October 2, 2007.

Program Approval To Address the Court's Remand

EPA proposed to implement the court's order by modifying its approval of Maine's NPDES program to authorize the State to issue NPDES permits for all discharges within the Indian territories of the Penobscot Nation and Passamaquoddy Tribe. 76 FR 29747 (May 23, 2011). Additionally, the notice stated that EPA does not plan to undertake a case-by-case analysis of any new discharges to determine whether they qualify as internal tribal matters under MICSA and MIA. EPA received no public comments on the record in response to the May 23, 2011 proposal. As a result, the state will assume responsibility from EPA for issuing and administering the permits for the Penobscot Nation Indian Island treatment works (EPA NPDES Permit No. ME 0101311 and MEPDES License No. 2672) and the Passamaquoddy Tribal Council treatment works (EPA NPDES Permit No. 1011773 and MEPDES License No. 2561). Neither tribe has applied to EPA to implement the NPDES permit program, so this action does not address the question of either tribe's authority to implement the program.

The finalization of this action does not modify the types of activities covered by Maine's base program as EPA approved it in 2001. Thus, the state's program does not include regulation of cooling water intake structures under CWA section 316(b). Nor is EPA taking action on Maine's application to implement the NPDES permit program in the territories of the Houlton Band of Maliseet Indians and the Aroostook Band of Micmac Indians.

Authority: This action is taken under the authority of Section 402 of the Clean Water Act as amended, 42 U.S.C. 1342.

Dated: March 28, 2012.
H. Curtis Spalding,
Regional Administrator, Region 1.
[FR Doc. 2012-9450 Filed 4-18-12; 8:45 am]
BILLING CODE 6560-50-P