# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| PENOBSCOT NATION, <br><br> Plaintiff, <br> v. <br><br> JANET T. MILLS, et al. <br><br> Defendants. | Case No. 1:12-cv-254-GZS |

## ORDER ON PENDING MOTIONS

Before the Court are the following motions: (1) Motion of the Penobscot Nation to Dismiss Claims, Defenses & Counterclaims of the Intervenor Defendants/Counterclaim Plaintiffs (ECF No. 31) (the "Motion to Dismiss"); (2) Motion to Intervene by the United States (ECF No. 33); (3) Motion to Amend Answer & Counterclaim by the State Defendants (ECF No. 36) (the "Motion to Amend"); and (4) Penobscot Nation's Motion for Oral Argument (ECF No. 41).

Having reviewed all of the parties' written submissions, the Court has determined that this matter may be decided without further hearing or argument and in an exercise of its discretion DENIES the Motion for Oral Argument (ECF No. 41) pursuant to Local Rule 7(f). For reasons briefly explained herein, the Court now DENIES the Motion to Dismiss (ECF No. 31), GRANTS the Motion to Intervene (ECF No. 33), and GRANTS the Motion to Amend (ECF No. 36).

The Court assumes familiarity with the background facts of this litigation to the extent they were laid out in the Court's prior Order allowing intervention by a group of Defendants known as the NPDES Permittees. See Penobscot Nation v. Mills, D. Me. 1:12-cv-254-GZS, 2013 WL 3098042 (D. Me. June 18, 2013).

I.   **Motion to Dismiss (ECF No. 31)**

Plaintiff Penobscot Nation moves to dismiss the claims, defenses and counterclaims of the Intervenors NPDES Permittees under Rules 12(b)(1) and (h)(3) asserting lack of subject matter jurisdiction. NPDES Permittees are a group of municipalities and companies with permits that authorize the discharge of water or treated wastewater into the Penobscot River or its branches or tributaries. To the extent Plaintiff's Second Amended Complaint invokes federal question jurisdiction under 28 U.S.C. § 1331 and seeks a declaration regarding its ability to regulate portions of the Penobscot River pursuant in relevant part to the Maine Indian Claims Settlement Act of 1980 (MICSA), 25 U.S.C. §§ 1721 et seq., there is undoubtedly a federal question presented. The NPDES Permittees have intervened as defendants and counterclaimants who expressly seek a declaration that "the waters of the main stem of the Penobscot River are not within the Penobscot reservation." (NPDES Permittees Answer & Counterclaim (ECF No. 25) at 10.) Essentially, Intervenors present the same question but want the opposite answer. Under these circumstances, the Court readily finds subject matter jurisdiction over the claims, defenses and counterclaims of the Intervenors NPDES Permittees.

Additionally, under Rule 12(b)(6), Plaintiff claims that the NPDES Permittees' counterclaim fails to state an actual controversy. In response, NPDES Permittees repeat that Plaintiffs have refused to enter into a stipulation that they would not seek to regulate discharges from the Intervenors if they were to obtain the declaration they seek via this action. (See ECF Nos. 19-1 & 19-2.) In short, the Court is satisfied that there is a sufficient controversy to allow the Intervenors to proceed as defendants and counterclaimants in this action.

Therefore, Plaintiff's Motion to Dismiss is hereby DENIED.

## II.     Motion to Intervene (ECF No. 33)

"[I]ntervention comes in two flavors: intervention as of right, Fed. R. Civ. P. 24(a), and permissive intervention, Fed. R. Civ. P. 24(b)." Ungar v. Arafat, 634 F.3d 46, 50 (1st Cir. 2011). In order to intervene as a right, the movant "must demonstrate that: (i) its motion is timely; (ii) it has an interest relating to the property or transaction that forms the foundation of the ongoing action; (iii) the disposition of the action threatens to impair or impede its ability to protect this interest; and (iv) no existing party adequately represents its interest." Id. The starting point for permissive intervention is simply that the parties seeking intervention have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).

In this case, State Defendants specifically oppose intervention by the United States arguing that such intervention is explicitly prohibited by 25 U.S.C. § 1723(a)(2) & (3). These portions of MICSA bar the Unites States from asserting certain land claims on behalf of Penobscot Nation. As the United States correctly points out in its reply, whether the claim asserted here involving a portion of the Penobscot River falls within that bar is a question of statutory interpretation and the core issue of the pending dispute. (See United States' Reply (ECF No. 46) at 4.) The Court cannot and will not resolve this issue in the context of a motion to intervene. Rather, State Defendants' argument is best categorized and considered as a "merits defense."[1] (Id. at 5.)

---

[1] The Court recognizes that State Defendants strenuously object to this view in their Sur-Reply (ECF No. 51). However, to the extent they assert that Section 1723 "was written to protect the State against such litigation" (Sur-Reply at 2), this litigation is proceeding as a claim brought by Penobscot Nation even if the United States is not allowed to intervene. Thus, whatever protection Section 1723 may provide the State Defendants, it cannot stop the pending litigation already brought by Plaintiffs.

3

Turning to the standard factors considered in connection with a request to intervene, the Court finds the United States' request for intervention to be timely in the procedural context of this action. As outlined in the papers, the United States has an interest relating to the transaction that forms the core of the ongoing action and the outcome of this case would undoubtedly impact that interest and the interpretation of a federal statute. The disposition of the claims already presented in this action could impair the United States' interest. Given the alignment of the interests of Penobscot Nation and the United States, one might argue that the existing Plaintiff will adequately represent the interests of the United States. However, the Court believes that the United States has a unique interest in this case given the role of MICSA and the inevitable interaction between federal administrative agencies and any government or sovereign that might regulate activities on the Penobscot River. For all of these reasons, the Court alternatively finds that it is appropriate to allow the permissive intervention of the United States is this action. See, e.g., Daggett v. Comm'n on Governmental Ethics & Election Practices, 172 F.3d 104, 113 (1st Cir. 1999) (noting a district court can consider "almost any factor rationally relevant" in exercising its discretion to allow permissive intervention).

Therefore, the Motion to Intervene is hereby GRANTED. The Court concludes that the United States is entitled to intervene as a right and, alternatively, is entitled to permissively intervene in this case. The United States shall docket its Complaint in Intervention (ECF No. 33-2) and be added to the docket as a Plaintiff-Intervenor.

### III. Motion to Amend (ECF No. 41)

The State Defendants in this action seek to amend their Answer & Counterclaim pursuant to Federal Rule of Civil Procedure 15(a). State Defendants have provided the Court with a

4

proposed amended answer and counterclaim (ECF No. 36-1), which adds one additional affirmative defense and clarifies the nature of their counterclaim. The First Circuit has explained:

> A motion to amend a complaint will be treated differently depending on its timing and the context in which it is filed. . . . As a case progresses, and the issues are joined, the burden on a plaintiff seeking to amend a complaint becomes more exacting. Scheduling orders, for example, typically establish a cut-off date for amendments (as was apparently the case here). Once a scheduling order is in place, the liberal default rule is replaced by the more demanding "good cause" standard of Fed.R.Civ.P. 16(b). This standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent. Where the motion to amend is filed after the opposing party has timely moved for summary judgment, a plaintiff is required to show "substantial and convincing evidence" to justify a belated attempt to amend a complaint.

Steir v. Girl Scouts of the USA, 383 F.3d 7, 11–12 (1st Cir. 2004) (citations, internal quotation marks & footnotes omitted).

Having reviewed all of the written submissions in connection with this Motion, the Court finds good cause to allow the State Defendants' amendment. The Court notes that State Defendants filed the Motion to Amend on August 26, 2013. One of the documents attached to the Motion is a letter that Plaintiff sent to the Federal Energy Regulatory Commission dated July 11, 2013 (ECF No. 36-4). Thus, it is clear that the timing of State Defendant's request to amend does not reflect delay, rather it reflects the developing factual record related to this litigation. Additionally, the Court notes that the discovery deadline in this matter is currently set for April 21, 2014. As noted elsewhere in this Order, the United States is being added to this case as an intervenor. In short, the Court does not find that Plaintiff will be prejudiced by this amendment in light of the current procedural posture of the case.

To the extent that Plaintiff specifically objects to the proposed addition of an affirmative defense of failure to join indispensable parties, the Court cannot say on the current record that

5

such a defense would be futile. However, by allowing the amendment, the Court states no opinion on the merits of the asserted defense. In the Court's view, this potential defense reflects the apparent larger dispute between the parties, which is now being brought to the forefront via the State Defendants' amendment of their counterclaims.

Therefore, the Motion to Amend is hereby GRANTED. State Defendants' shall file their Amended Answer & Counterclaim as a standalone filing on the docket.

SO ORDERED.

/s/ George Z. Singal<br>United States District Judge

Dated this 4th day of February, 2014.