# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| PENOBSCOT NATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Case No. 1:12-cv-254-GZS |
| JANET T. MILLS, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## PROCEDURAL ORDER

In accordance with the February 13, 2014 Procedural Order, the Court held a conference of counsel on March 11, 2014 to discuss the various pre-conference memoranda (ECF Nos. 62, 63, 65 & 66) filed by the parties. Attorney Kaighn Smith appeared for Penobscot Nation. Attorney Steven Miskinis appeared for the United States. Attorneys Paul Stern, Gerald Reid & Alice Sproul appeared for the State of Maine Defendants. Attorney Catherine Connors appeared for the group of Intervenor Defendants ("State Intervenors" or "NPDES Permittees"). As explained at the end of the conference, the Court hereby ORDERS that the following procedure be followed in order to queue up the issues for summary judgment and ensure that this case is resolved expeditiously:

The prior discovery stay entered on February 13, 2014 is hereby lifted. The **discovery deadline** is re-set for **May 13, 2014.** The parties are notified that the Court may deny requests to further extend this deadline absent a showing of good cause and exceptional circumstances.

**No later than May 28, 2014**, the parties shall make a joint submission that indicates:

(1) which parties now intend to move for summary judgment;

(2) the legal issues that <u>all</u> parties agree are to be resolved by way of summary judgment;

(3) any other disputed issues that one or more parties believes must or could be resolved via summary judgment;[1]

---

[1] Parties who dispute that the Court can or should resolve that particular issue via summary judgment shall indicate their opposing position and further specifically indicate whether they believe the issue involves disputes of fact and/or should be deferred until after the contemplated motions for summary judgment are resolved.

(4) whether the parties have reached an agreement on any stipulations for purposes of summary judgment;

(5) whether the parties have reached agreement on a joint record, the estimated length of the joint record, and the proposed filing date for any joint record;

(6) the proposed filing dates for each motion as well as for any responses and replies to each motion;

(7) the proposed page limits for each memorandum to be submitted in connection with the summary judgment briefing;

(8) the proposed number of statements of material facts and additional statements of material fact for each motion;

(9) an estimate of the number of additional pages of record any party anticipates filing in support of any statement of material fact;

(10) whether any party anticipates requesting oral argument in connection with the motion(s) for summary judgment.

After the Court reviews these joint submissions, it will determine whether it is necessary to hold another conference of counsel. If the Court determines no additional conference is necessary, it will issue a procedural order detailing the filing deadlines and page limits to be used by the parties in briefing the contemplated motions for summary judgment.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 11th day of March, 2014.