UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PENOBSCOT NATION,<br><br>    Plaintiff,<br>v.<br><br>JANET T. MILLS, et al.<br><br>    Defendants. | Case No. 1:12-cv-254-GZS |

**PROCEDURAL ORDER**

On February 5, 2015, the Court held a conference of counsel to follow-up on the Joint Submissions made by the parties on December 5, 2014 and January 20, 2015 (ECF Nos. 90 & 93). After conferring with the parties, the Court now ORDERS that the following schedule and process be utilized by the parties in connection with the contemplated dispositive motions:

First, the Court encourages the parties to file any stipulations of fact that could serve to streamline the parties' statements of material fact. The Court reminds the parties that they are free to indicate that any such stipulations are admissions solely for the purposes of the to-be-filed summary judgment motion. See D. Me. Local Rule 56(g). Any stipulations will be considered by the Court in ruling on the motion and need not be reiterated or referenced in the statements of material fact. The parties shall submit any stipulations on or before **March 16, 2015**.

Additionally, no later than **March 16, 2015**, the parties shall file a joint stipulated record using the "Stipulated Record" event in CM/ECF. The first page of the Joint Stipulated Record shall consist of a list describing each exhibit submitted. Each exhibit shall then be clearly labeled and separately attached to this filing. The Joint Stipulated Record may include any fact exhibits

and depositions[1] (including any exhibits to the depositions) that both sides agree will be referenced in the statements of material fact. The inclusion of any exhibit in the Joint Stipulated Record does not prevent any party from later objecting to the admissibility of the document. Likewise, the submission of a joint record does not prevent either side from submitting additional documents with their respective statements of material fact. The parties shall deliver to the Clerk's Office a courtesy paper copy of the Joint Stipulated Record no later than **March 19, 2015**.

As discussed with my staff post-conference, the Joint Stipulated Record uploaded to CM/ECF need not include the following: treaties, statutes, regulations, ordinances, legislative history or other similar types of public documents (hereinafter "Public Documents Record"). However, the Court greatly appreciates the parties' willingness to provide these historical public documents to the Court given counsel's representation that many of these documents would not be readily accessible to the Court but will be cited in the parties' papers. The Public Documents Record shall be provided to the Court with an index that describes each document included. The Public Documents Record shall be delivered to the Clerk's Office on DVDs (two sets) as well as a courtesy paper copy. The Clerk's Office shall maintain one of the DVDs to include as part of the record on appeal. The parties shall file on CM/ECF a single affidavit acknowledging that the Public Documents Record is being provided on DVD and generally explaining where the documents were located. A copy of the index describing each document in the Public Documents Record shall be attached to the affidavit. The parties shall file this affidavit and deliver the DVDs and courtesy paper copy of the Public Documents record no later than **March 19, 2015**.

After the filing of the record and stipulations just described but no later than **April 6, 2015**, any party wishing to move for summary judgment shall file their motion for summary judgment.

---

[1] To the extent any depositions are filed, counsel shall endeavor to ensure that any deposition excerpt is complete and includes all relevant pages. In the absence of an agreement on what constitutes a complete deposition excerpt, counsel shall include the complete deposition in the joint record.

2

Each motion for summary judgment shall not exceed sixty (60) pages. In lieu of a motion for summary judgment, a party is also free to file any other dispositive motion by this deadline; the extended response and reply deadlines detailed in this Order shall also apply to any such dispositive motion filed on or before April 6, 2015.

On or before **June 8, 2015**, each side shall file its opposition to any pending motion for summary judgment. Each response shall not exceed sixty (60) pages. Additionally, by this date, any party wishing to file a *Daubert/Kumho* motion challenging expert testimony used to support a motion for summary judgment shall file said motion. Any *Daubert/Kumho* motion shall not exceed twenty-five (25 pages).

Given the anticipated cross-motions for summary judgment, reply memoranda may not be necessary. However, the Court will consider any reply, which shall not exceed thirty (30) pages, and shall be filed no later than **July 8, 2015**. By this date, the parties shall also file any opposition to any pending *Daubert/Kumho* motion; said responses shall not exceed twenty-five (25 pages).

Additionally, on or before **July 8, 2015**, any party wishing to file a *Daubert/Kumho* motion challenging expert testimony that is first proffered in response to a motion for summary judgment shall file said motion. Any *Daubert/Kumho* motion shall not exceed twenty-five (25 pages).

On or before **July 27, 2015**, the parties shall file any Reply on *Daubert/Kumho* Motions filed on or before June 8, 2015 and any Response to *Daubert/Kumho* Motions filed between June 9, 2015 and July 8, 2015. Any such responses shall not exceed twenty-five (25 pages) and such reply shall not exceed fifteen (15) pages.

Finally, on or before **August 10, 2015**, any reply to the *Daubert/Kumho* Motions filed between June 9, 2015 and July 8, 2015 shall be filed. Any such reply shall not exceed fifteen (15) pages.

The Court also expects the parties' summary judgment filings will comply with all aspects of Local Rule 56. Absent prior court approval, the statement of material facts accompanying each motion for summary judgment shall not exceed two hundred fifty (250) paragraphs. Any additional statement of material facts in connection with the response to a motion for summary judgment shall not exceed fifty (50) paragraphs. The parties are reminded that Local Rule 56(f) requires specific record citations for all facts submitted in a statement of material facts. Absent a specific citation, the Court has no duty to consider any part of the record submitted. To the extent any party will rely on a page of the Joint Stipulated Record for a specific citation, the Court encourages the parties to use the "PageID #" generated by CM/ECF, particularly if the alternative pin citation may not be readily apparent to the Court. With respect to the Public Documents Record, the parties shall ensure that any multi-page document has readily identified page numbers.

It appears that the only deadlines that may remain after the anticipated motions for summary judgment are decided is the ready for trial deadline and any trial-related motions deadlines. These deadlines shall remain stayed until the Court issues its ruling on the motions for summary judgment. To the extent that any issues remain for trial after the motions for summary judgment are decided, the Court anticipates that this case will be placed on the next available trial list following the Court's summary judgment decision and that pre-trial motions shall, to the extent practicable, be filed prior to any final pretrial conference.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 5th day of February, 2015.