

UNITED STATES
DEPARTMENT OF THE INTERIOR
OFFICE OF THE SOLICITOR
WASHINGTON, D.C. 20240

FEB 25 1977

Honorable Peter R. Taft
Assistant Attorney General
Land and Natural Resources Division
U.S. Department of Justice
Washington, D.C.  20530

RE: U.S. v. Maine, Civil No. 1966; U.S.D.C. Maine; and U.S. v. Maine, Civil No. 1969, U.S.D.C. Maine.

Dear Mr. Taft:

On January 11, 1977, the former Solicitor submitted to you the final draft litigation reports on the Passamaquoddy and Penobscot Indian land claims in the State of Maine. Shortly, thereafter you obtained an extension until March 1, 1977, of the time within which the United States is required to notify the federal district court as to whether it intends to pursue the above-titled litigation on behalf of the Tribes.

Since that time, representatives of this Department have worked with your staff in gathering and reviewing material relative to the Tribes' claims. In so doing, additional detailed information on the claims has been solicited and obtained from both the State of Maine and the Tribes, and discussions have been had with representatives of those parties. As a result of our review, we have determined to adopt the conclusions contained in the January 11, 1977, litigation reports in support of land claims on behalf of both the Penobscot and Passamaquoddy Tribes. However, as agreed to by the Tribes, we are modifying our requests for litigation.

Based on our review and that agreement, we recommend that:



-2-

(1) Claims be filed on behalf of the Passamaquoddy and Penobscot Tribes for those lands which the Tribes actually used and occupied as of 1790. Thus, omitted from the claims are those coastal areas which had been substantially settled by non-Indians by that time, and those lands which had been granted prior to 1790, the date of the passage of the first Trade and Intercourse Act. The granting and settlement of coastal portions of the claim area prior to 1790 would raise additional and distinct legal issues and possible defenses. In addition, these coastal areas are presently the most densely populated portions of the claimed area. Therefore, the Tribes have agreed at this time to seek an alternative legislative solution with respect to these coastal areas.

Specifically, we recommend:

    (a) A claim for possession of the land together with trespass damages for the Passamaquoddy Tribe for all of those lands lying within the upper St. Croix River watershed beginning north of Baring Plantation. The claim should also include those portions, if any, of the upper watersheds of the Machias and Dennys Rivers which the Tribe actually used and occupied as of 1790.

    (b) A claim for the possession of the land together with trespass damages for the Penobscot Tribe for all those lands lying in the Penobscot River watershed above the ancient head of the tide, a point north of Eddington, Maine, to the head of the river. This claim should also include those portions, if any, of the eastern shore of Moosehead Lake and of the St. John River watershed west of Houlton, Presque

-3-

Isle and Caribou, which the Tribe actually used and occupied in 1790, but excluding lands under treaty deeds confirmed pursuant to the Webster-Ashburton Treaty of 1842.

We shall forthwith enter into contracts for the necessary studies to determine the precise boundaries of the claims described in (a) and (b) above.

(2) With respect to those areas described in (a) and (b) above, in which a claim will be asserted, the Tribes have indicated their intention not to pursue any remedy against any homeowner or other small property owner if they can substitute a satisfactory monetary claim against an appropriate sovereign body for the full value of such claims. Accordingly, we have agreed to assist them in developing a legislative package submitting a monetary claim in lieu of other claims and to support them in obtaining passage of appropriate legislation.

(3) With respect to the coastal areas on which land and trespass claims will be withheld at this time, we have agreed to work with the Tribes for a similar just legislative solution for these claims.

Please direct any questions you have on this litigation request to me.

Sincerely,

Frederick N. Ferguson
Acting Solicitor

800