**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| PENOBSCOT NATION et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Docket no. 1:12-cv-254-GZS |
| | ) |
| JANET T. MILLS, Attorney General for the State of Maine, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

### ORDER ON THE PENDING MOTIONS OF STATE INTERVENORS

Before the Court are two motions by a jointly represented group of intervenors and counterclaimants, commonly referred to in this case as the "State Intervenors"[1]: (1) the Motion for Judgment on the Pleadings (ECF No. 116) and (2) the Motion to Exclude the Testimony of Plaintiffs' Experts (ECF No. 138). As briefly explained herein, both Motions are GRANTED IN PART AND DENIED IN PART.

While the Court is issuing a brief standalone order on these motions, the Court hereby incorporates in this Order the analysis found in its Order on Cross-Motions for Summary Judgment being filed this same day. For reasons more fully stated in that Order, the Court GRANTS IN PART AND DENIES IN PART the Motion for Judgment on the Pleadings. The Motion is GRANTED to the extent that the Court is declaring that the Penobscot Indian Reservation as defined in MIA, 30 M.R.S.A. § 6203(8), and MICSA, 25 U.S.C. § 1722(i), includes the islands of

---

[1] The State Intervenors include: the City of Brewer, the Town of Bucksport, Covanta Maine, LLC, the Town of East Millinocket, Great Northern Paper Company, LLC, Guilford-Sangerville Sanitary District, the Town of Howland, Kruger Energy (USA) Inc., the Town of Lincoln, Lincoln Paper and Tissue, LLC, Lincoln Sanitary District, the Town of Mattawamkeag, the Town of Millinocket, Expera Old Town, LLC, True Textiles, Inc., Veazie Sewer District, and Verso Paper Corp.

the Main Stem, but not the waters of the Main Stem. The Court notes that it concludes that this declaration is warranted on the pleadings and on the full summary judgment record. To the extent that, the State Intervenors' Motion for Judgment on the Pleadings can be read to request any other relief, it is DENIED.

In addition to seeking a judgment on the pleadings, the State Intervenors separately opposed Plaintiffs' requests for summary judgment and sought to exclude from this Court's consideration all of the expert testimony submitted by Plaintiffs in connection with the cross-motions for summary judgment. The Motion to Exclude the Testimony of Plaintiffs' Experts (ECF No. 138) argues that all three of Plaintiffs' experts proffer testimony that is irrelevant, unreliable and also includes improper legal conclusions. The experts are two historians, Pauleena MacDougall and Harold L. Prins, as well as one surveyor, Kenneth Roy.

While the Court does not believe it is necessary or proper to categorically exclude the expert testimony proffered by Plaintiffs under Rule 402 or Rule 702, the Court has disregarded any expert testimony that consists of improper legal opinions in constructing the factual narrative on the cross-motions for summary judgment. Likewise, as already noted in the Court's Order on Cross-Motions for Summary Judgment, to the extent any material fact was supported solely with a citation to any expert report, the Court has not considered that expert testimony. (See Order on Cross-Motions for Summary Judgment at 4 n.3.) Finally, to the extent that the Court has concluded that any expert testimony is immaterial or genuinely disputed, the Court has not considered that expert testimony in order to resolve the pending motions for summary judgment. In short, the Court has considered the Plaintiffs' proffered expert testimony after excluding any legal conclusions and applying the standards required under both Federal Rule of Civil Procedure 56 and District of Maine Local Rule 56.

3

With those caveats, the expert testimony submitted to the Court has not played a decisive role in the Court's statutory construction.  Therefore, the Court GRANTS IN PART the Motion to Exclude the Testimony of Plaintiffs' Experts to the extent it sought exclusion of expert testimony that amounts to legal conclusions but otherwise DENIES the Motion.

SO ORDERED.

                                            /s/ George Z. Singal
                                            United States District Judge

Dated this 16th day of December, 2015.